# Heisey, Appellant, v. Hartman.

*Wills—Life estates—Remainders—Conveyance by all parties in interest.*

Where a testator devised all his estate to his wife for her life with power to dispose of any of such property and provided that upon her death the remainder be equally divided among his two children or the heirs of their body, or to the survivor, in case of no issue, and testator's widow and two sons agreed to sell certain of the real estate so devised, the contention of the vendee that the vendors could not convey a marketable title in fee simple was without merit, and in an action by the vendors for the purchase-money, the court should have entered judgment in favor of the plaintiffs.

Argued March 8, 1916. Appeal, No. 57, Jan. T., 1916, by plaintiffs, from judgment of C. P. Franklin Co., Feb. T., 1916, No. 70, on verdict for defendant, in case of Sarah Jane Heisey, Samuel Alleman Heisey, John Albert Heisey v. John P. Hartman. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Assumpsit for real property sold to defendant. Before GILLAN, P. J..

The opinion of the Supreme Court states the facts.

Verdict for defendants and judgment thereon. Plaintiffs appealed.

*Error assigned,* among others, was the judgment of the court.

*W. K. Sharpe,* of *Sharpe & Elder,* for appellants.

*G. W. Atherton,* for appellee.

PER CURIAM, April 17, 1916:

But little need be said to show that this judgment must be reversed. The plaintiffs claim title to the prop-

erty, which they sold to the defendant under the following clause of the will of Henry H. Heisey, deceased: "I give, bequeath and devise to my wife, Sarah Jane Heisey, (after the payment of debts and funeral expenses as above directed) for and during her natural life, all my property, real, personal and mixed, of what nature or kind so ever, and wheresoever the same shall be at the time of my death. I further direct that there shall be no appraisement of my personal property, and if my said wife desires to dispose of any such property she have full right and liberty so to do. After the death of my said wife, Sarah Jane Heisey, I direct that the residue and remainder of my estate be equally divided among my two children, John Albert Heisey and Samuel Alleman Heisey, or the heirs of their body, or to the survivor, in case of no issue, and that the division of said property be made amicably and without the intervention of the law."

The widow having a life estate in the property, and the two sons the remainder, we are at a loss to understand how there can be any doubt that the deed from the three will pass whatever title the testator had in the property. The judgment of the court below is reversed and is entered here in favor of appellants for $3,000.00.